UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL DAVALOS, JR.,<br><br>　　　　　Defendant. | Case No.  19CR2267-LAB<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant SAMUEL DAVALOS, JR. ("Defendant"), pursuant to 18 U.S.C. § 982 (a)(2) and (b), as proceeds of the violation of 18 U.S.C. § 1344 as charged in the Superseding Information; and

WHEREAS, on or about July 31, 2019, Defendant pled guilty before U.S. Magistrate Judge Barry M. Kurren to Count 1 of the Superseding Information, which plea included consent to the forfeiture allegations of the Superseding Information, including an agreement to forfeit to the United States $117,305.00 as the amount of proceeds Defendant received from the offense, in addition to all monies, funds, and credits held in or attributable to certain Point Loma Credit Union ("PLCU") accounts. These accounts, and the monies that were seized from them, are as follows:

//

| | | |
|---|---|---|
| 1. | 1061207-01 | $23,007.02 |
| 2. | 1061207-80 | 112.24 |
| | Total: | $23,119.26; and |

WHEREAS, on September 4, 2019 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeitable currencies and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable currencies, pursuant to 18 U.S.C. § 982 (a)(2) and (b) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the currencies which were found forfeitable by the Court; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court hereby determines that $117,305.00 and the monies in the PLCU bank accounts represent proceeds defendant obtained directly or indirectly as a result of the violation of 18 U.S.C. §§ 1344, Bank Fraud, as charged in the Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the proceeds received by the Defendant in the amount of $117,305.00 and all monies in the PLCU bank accounts, pursuant to 18 U.S.C. § 982 (a)(2) and (b) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

//

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following currencies, and all right, title and interest of Defendant SAMUEL DAVALOS, JR. in all monies, funds, and credits held in or attributable to certain Point Loma Credit Union ("PLCU") accounts and the same are forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n). These accounts and the monies seized from them, are as follows:

| | | |
|---|---|---|
| 1. | 1061207-01 | $23,007.02 |
| 2. | 1061207-80 | 112.24 |
| | Total: | $23,119.26. |

2. The aforementioned forfeited currencies are to be held by the United States Secret Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the

Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the currencies in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited currencies must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited currencies and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the currencies that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned currencies, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the specific assets described above, Defendant SAMUEL DAVALOS, JR. shall forfeit to the United States the amount of proceeds Defendant received from his offense of conviction in the amount of $117,305.00, which forfeiture judgment is in favor of the United States against Defendant SAMUEL DAVALOS, JR., with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

9. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

//

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

11. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $117,305.00 to satisfy the forfeiture in whole or in part; and

13. During ancillary proceedings, should no third party successfully challenge forfeiture of the $23,119.26 in seized currencies, Defendant's $117,305.00 forfeiture judgment shall be credited with the amount of $23,119.26, leaving a balance of $94,185.74 at that point. The forfeiture judgment will also be credited for every voluntary payment Defendant makes towards the separate restitution ordered in this case, up to the amount of the unpaid balance of the forfeiture judgment.

14. The United States may take any and all actions available to it to collect and enforce the forfeiture.

DATED: 9/16/2019

*[signature]*
LARRY ALAN BURNS
Chief United States District Judge