AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
NOV 14 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>SAMUEL DAVALOS, JR. (1) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:19-CR-02267-LAB<br><br>Pedro Bernal Bilse<br>Defendant's Attorney |

**USM Number**  75206-298

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)  One of the Superseding Information

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1344; 18:982(A)(2),982(B) - Bank Fraud; Criminal Forfeiture | 1s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  remaining  are  dismissed on the motion of the United States.

☒ Assessment : $100.00

☐ JVTA Assessment*: $ –

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed  9/16/2019  , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 12, 2019
Date of Imposition of Sentence

*(signature)*

HON. LARRY ALAN BURNS
CHIEF UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
18 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
WESTERN REGION DESIGNATION

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at _____ A.M. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ on or before
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SAMUEL DAVALOS, JR. (1) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:19-CR-02267-LAB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
5 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | SAMUEL DAVALOS, JR. (1) | Judgment - Page 5 of 6 |
| --- | --- | --- |
| CASE NUMBER: | 3:19-CR-02267-LAB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration law requirements.
2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3. Submit your person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.
5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.
6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.
7. Provide complete disclosure of personal and business financial records to the probation officer as requested.
8. Court will consider terminating supervised release early if restitution is paid in full.

//

DEFENDANT: SAMUEL DAVALOS, JR.
CASE NUMBER: 19CR2267-LAB

# RESTITUTION

The defendant shall pay restitution in the amount of   $117,305.00   unto the United States of America.

This sum shall be paid   ___ immediately.
                            **x**   as follows:

SEE ATTACHED ORDER [36]

The Court has determined that the defendant   **does**   have the ability to pay interest. It is ordered that:

____ The interest requirement is waived.

____ The interest is modified as follows:



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19CR2267-LAB |
|---|---|
| Plaintiff, | |
| v. | ORDER OF RESTITUTION |
| SAMUEL DAVALOS, JR., | |
| Defendant. | |

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. §3663A, Defendant SAMUEL DAVALOS, JR. shall pay restitution in the amount of **$117,305** as a result of his conviction for bank fraud, in violation of 18 U.S.C. § 1344. Restitution shall be payable to the victim of the offense, formerly known as Point Loma Credit Union, as follows:

   **MyPoint Credit Union**
   **9420 Farnham Street**
   **San Diego, CA 92126**

2. Restitution is due and payable immediately. Notwithstanding any other provision of this Restitution Order, the government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

3. During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. Upon release from custody, the defendant shall pay restitution at the rate of $ 250.00 per month, subject to modification upon further agreement of the parties or order of the court.

4. Defendant shall receive credit against the amount payable in restitution for any amount recovered by MyPoint Credit Union from accounts numbered 1061207.

5. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment.

6. The defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

7. The Court has determined that the defendant does not have the ability to pay interest. It is ordered that the interest requirement is waived.

8. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution no later than thirty days after the change occurs.

9. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs.

IT IS SO ORDERED.

DATED: 11-12-19

*Larry A. Burns*

HON. LARRY ALAN BURNS
United States District Court

Restitution Order                                                                                                          19CR2267-LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR2267-LAB |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| SAMUEL DAVALOS, JR., | |
| Defendant. | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant SAMUEL DAVALOS, JR. ("Defendant"), pursuant to 18 U.S.C. § 982 (a)(2) and (b), as proceeds of the violation of 18 U.S.C. § 1344 as charged in the Superseding Information; and

WHEREAS, on or about July 31, 2019, Defendant pled guilty before U.S. Magistrate Judge Barry M. Kurren to Count 1 of the Superseding Information, which plea included consent to the forfeiture allegations of the Superseding Information, including an agreement to forfeit to the United States $117,305.00 as the amount of proceeds Defendant received from the offense, in addition to all monies, funds, and credits held in or attributable to certain Point Loma Credit Union ("PLCU") accounts. These accounts, and the monies that were seized from them, are as follows:

//

|   |   |   |   |
|---|---|---|---|
| 1 | 1. | 1061207-01 | $23,007.02 |
| 2 | 2. | 1061207-80 | 112.24 |
| 3 |   | Total: | $23,119.26; and |

WHEREAS, on September 4, 2019 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeitable currencies and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable currencies, pursuant to 18 U.S.C. § 982 (a)(2) and (b) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the currencies which were found forfeitable by the Court; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court hereby determines that $117,305.00 and the monies in the PLCU bank accounts represent proceeds defendant obtained directly or indirectly as a result of the violation of 18 U.S.C. §§ 1344, Bank Fraud, as charged in the Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the proceeds received by the Defendant in the amount of $117,305.00 and all monies in the PLCU bank accounts, pursuant to 18 U.S.C. § 982 (a)(2) and (b) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

//

1  WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following currencies, and all right, title and interest of Defendant SAMUEL DAVALOS, JR. in all monies, funds, and credits held in or attributable to certain Point Loma Credit Union ("PLCU") accounts and the same are forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n). These accounts and the monies seized from them, are as follows:

|   |   |   |
|---|---|---|
| 1. | 1061207-01 | $23,007.02 |
| 2. | 1061207-80 | 112.24 |
|    | Total:      | $23,119.26. |

2. The aforementioned forfeited currencies are to be held by the United States Secret Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the

Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the currencies in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited currencies must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited currencies and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the currencies that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned currencies, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the specific assets described above, Defendant SAMUEL DAVALOS, JR. shall forfeit to the United States the amount of proceeds Defendant received from his offense of conviction in the amount of $117,305.00, which forfeiture judgment is in favor of the United States against Defendant SAMUEL DAVALOS, JR., with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

9. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

//

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

11. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $117,305.00 to satisfy the forfeiture in whole or in part; and

13. During ancillary proceedings, should no third party successfully challenge forfeiture of the $23,119.26 in seized currencies, Defendant's $117,305.00 forfeiture judgment shall be credited with the amount of $23,119.26, leaving a balance of $94,185.74 at that point. The forfeiture judgment will also be credited for every voluntary payment Defendant makes towards the separate restitution ordered in this case, up to the amount of the unpaid balance of the forfeiture judgment.

14. The United States may take any and all actions available to it to collect and enforce the forfeiture.

DATED: 9/16/2019

*Larry A. Burns*
LARRY ALAN BURNS
Chief United States District Judge