AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>SAMUEL DAVALOS, JR. (1) | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:19-CR-02267-LAB<br><br>Pedro Bernal Bilse<br>Defendant's Attorney |

**USM Number** 75206-298

☒ Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT:

☒ pleaded guilty to count(s)   One of the Superseding Information

☐ was found guilty on count(s)
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

**Title and Section / Nature of Offense**                                           **Count**
18:1344; 18:982(A)(2),982(B) - Bank Fraud; Criminal Forfeiture                       1s

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   remaining   are   dismissed on the motion of the United States.

☒ Assessment : $100.00

☐ JVTA Assessment*: $

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine   ☒ Forfeiture pursuant to order filed   12/12/2019   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 12, 2019
Date of Imposition of Sentence

*Larry A. Burns*
HON. LARRY ALAN BURNS
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEFENDANT: SAMUEL DAVALOS, JR. (1) | Judgment - Page **2** of **6** |
| CASE NUMBER: 3:19-CR-02267-LAB | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
18 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
WESTERN REGION DESIGNATION

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
5 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SAMUEL DAVALOS, JR. (1) | Judgment - Page 5 of 6 |
| CASE NUMBER: | 3:19-CR-02267-LAB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration law requirements.
2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3. Submit your person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.
5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.
6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.
7. Provide complete disclosure of personal and business financial records to the probation officer as requested.
8. Court will consider terminating supervised release early if restitution is paid in full.

//

DEFENDANT: SAMUEL DAVALOS, JR.
CASE NUMBER: 19CR2267-LAB

# RESTITUTION

The defendant shall pay restitution in the amount of _____$117,305.00_____ unto the United States of America.

This sum shall be paid ___ immediately.
                        _x_ as follows:

SEE ATTACHED ORDER [36]

The Court has determined that the defendant does **not** have the ability to pay interest. It is ordered that:

_X_ The interest requirement is waived.

___ The interest is modified as follows:



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 19CR2267-LAB |
| Plaintiff, | |
| v. | ORDER OF RESTITUTION |
| SAMUEL DAVALOS, JR., | |
| Defendant. | |

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. §3663A, Defendant SAMUEL DAVALOS, JR. shall pay restitution in the amount of **$117,305** as a result of his conviction for bank fraud, in violation of 18 U.S.C. § 1344. Restitution shall be payable to the victim of the offense, formerly known as Point Loma Credit Union, as follows:

> **MyPoint Credit Union**
> **9420 Farnham Street**
> **San Diego, CA  92126**

2. Restitution is due and payable immediately. Notwithstanding any other provision of this Restitution Order, the government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

3. During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. Upon release from custody, the defendant shall pay restitution at the rate of $ 250.00 per month, subject to modification upon further agreement of the parties or order of the court.

4. Defendant shall receive credit against the amount payable in restitution for any amount recovered by MyPoint Credit Union from accounts numbered 1061207.

5. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment.

6. The defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

7. The Court has determined that the defendant does not have the ability to pay interest. It is ordered that the interest requirement is waived.

8. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution no later than thirty days after the change occurs.

9. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs.

IT IS SO ORDERED.

DATED: 11-12-19

*[signature]*

HON. LARRY ALAN BURNS
United States District Court



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR2267-LAB |
|---|---|
| Plaintiff, | AMENDED ORDER OF CRIMINAL FORFEITURE |
| v. | |
| SAMUEL DAVALOS, JR., | |
| Defendant. | |

On September 16, 2019, this Court entered its Preliminary Order of Criminal Forfeiture as to SAMUEL DAVALOS, JR. ("Defendant"), which Order included an agreement to forfeit to the United States $117,305.00 as the amount of proceeds Defendant received from his offense. In addition, the Preliminary Order condemned and forfeited to the United States all right, title and interest of Defendant in all monies, funds, and credits held in or attributable to certain Point Loma Credit Union ("PLCU") accounts. These accounts, and the monies that were seized from them, are as follows:

| | | |
|---|---|---|
| 1. | 1061207-01 | $23,007.02 |
| 2. | 1061207-80 | 112.24 |
| | Total: | $23,119.26. |

For thirty (30) consecutive days ending on October 19, 2019, the United States published on its forfeiture website, www.forfeiture.gov, notice of the Court's Order

1 and the United States' intent to dispose of the above currencies in such manner as the
2 Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the
3 Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
4 and further notifying all third parties of their right to petition the Court within thirty
5 (30) days of the final publication for a hearing to adjudicate the validity of their
6 alleged legal interest in the currencies.

7 There were no potential third parties known to the United States to have
8 alleged an interest in the forfeited currencies; therefore, no one was provided with
9 direct notice of the forfeiture.

10 Thirty (30) days have passed following the final date of notice by publication,
11 and no third party has made a claim to or declared any interest in the forfeited
12 currencies described above.

13 Since no third party successfully challenged forfeiture of the $23,119.26 in
14 seized currencies during the ancillary proceedings, it was requested pursuant to the
15 Plea Agreement that upon entry of the Amended Order, Defendant's $117,305.00
16 forfeiture judgment be credited with the amount of $23,119.26, leaving a balance of
17 $94,185.74.

18 Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED
19 that, as a result of the failure of any third party to come forward or file a petition for
20 relief from forfeiture as provided by law, all right, title and interest of SAMUEL
21 DAVALOS, JR. and any and all third parties in the following properties are hereby
22 condemned, forfeited and vested in the United States of America:

23     1.    1061207-01    $23,007.02
24     2.    1061207-80    112.24
25     Total:    $23,119.26.

26 IT IS FURTHER ORDERED that costs incurred by the United States Secret
27 Service and any other governmental agencies which were incident to the seizure,
28 //

custody and storage of the currencies be the first charge against the forfeited currencies.

IT IS FURTHER ORDERED that the United States Secret Service shall dispose of the forfeited currencies according to law.

IT IS FURTHER ORDERED that the forfeiture judgment of $117,305.00 imposed upon Defendant in the Preliminary Order of Criminal Forfeiture is hereby affirmed, and shall further be credited with the total amount of the forfeited currencies, $23,119.26, and with the further amount of $702.34 in currencies voluntarily surrendered by Davalos to PLCU, leaving a balance of $93,483.40 upon entry of this Amended Order; and

IT IS FURTHER ORDERED that the forfeiture judgment shall be credited for every voluntary payment Defendant makes towards the separate restitution ordered in this case, up to the amount of the unpaid balance of the forfeiture judgment.

IT IS SO ORDERED.

DATED: 12-11-19

*Larry A. Burns*

LARRY A. BURNS, Chief Judge
United States District Court